UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER THOMAS FOSS,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>KEITH HOWARD YORDY,<br><br>　　　　　　　Respondent. | Case No. 1:16-cv-00279-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho state prisoner Christopher Thomas Foss ("Petitioner" or "Foss"), challenging Petitioner's state court convictions. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations and that the claims in the Petition are procedurally defaulted. (Dkt. 15.) The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 12.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 10.)

**MEMORANDUM DECISION AND ORDER - 1**

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case with prejudice as untimely.

## BACKGROUND

In the Fifth Judicial District Court in Cassia County, Idaho, Petitioner pleaded guilty to voluntary manslaughter, as well as to a sentencing enhancement for use of a weapon during the commission of a felony. (State's Lodging A-1; A-2.) Petitioner was sentenced to a unified term of thirty years in prison with fifteen years fixed. (State's Lodging A-1 at 2; A-3 at 24.) The judgment of conviction was entered on April 21, 2009. (State's Lodging A-1 at 3.) On May 20, 2009, Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35. (*Id.*) The trial court denied the motion on June 11, 2009. (*Id.*) Petitioner did not file a direct appeal. (State's Lodging A-1; Dkt. 1 at 2.)

Petitioner returned to the Idaho district court. On March 31, 2010 (at the earliest), Petitioner filed a petition for post-conviction relief. (State's Lodging B-2 at 4.) *See Munson v. State*, 917 P.2d 796, 800 (Idaho 1996) (holding that a pro se inmate's postconviction petition is deemed filed on the date the petition is delivered to prison authorities for placement in the mail). The trial court dismissed the petition on July 26, 2011. (State's Lodging B-12.) Petitioner did not file an appeal. (State's Lodging B-1; Dkt. 1 at 3.)

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed his Petition in this Court, at the earliest, on June 21, 2016. *See* Rule 3(d) of the Rules Governing Section 2254 Cases ("Habeas Rules"); *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is received by the clerk of court). The Petition asserts the following claims:

> Claim 1: Ineffective assistance of trial counsel based on counsel's failure to present a claim of self-defense during the preliminary hearing or at sentencing.
>
> Claim 2: Ineffective assistance of counsel based on (a) trial counsel's failure to appeal Petitioner's sentence; and (b) post-conviction counsel's failure to file an appeal from the trial court's dismissal of Petitioner's post-conviction petition.[1]
>
> Claim 3: Denial of due process based on the trial court's refusal, during Petitioner's Rule 35 proceedings, to consider Petitioner's claim of self-defense.
>
> Claim 4: Ineffective assistance of trial counsel during the pre-plea stage, based on counsel's advice to Petitioner regarding the guilty plea.

(Dkt. 1 at 5-8; Initial Review Order.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action,

---

[1] As noted in the Initial Review Order, Claim 2(b) is not cognizable because there is no freestanding constitutional right to counsel during state post-conviction proceedings. (Dkt. 7 at 2 n.1.)

**MEMORANDUM DECISION AND ORDER - 3**

(2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 7 at 3.)

## DISCUSSION

The Habeas Rules authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations and that his claims are procedurally defaulted. Because Petitioner (1) is entitled to statutory tolling of only part of the statute of limitations period, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely. Therefore, the Court need not address Respondent's procedural default argument.

1.  **Standards of Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually

---

[2] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

**MEMORANDUM DECISION AND ORDER - 4**

means 366 days, for example, from January 1, 2001, to January 1, 2002. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA, where the calculation excludes the day the conviction became final). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
| --- | --- |
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 5**

| | |
|---|---|
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. To warrant tolling, the collateral relief application must be "properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final

decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Finally, a petitioner is not entitled to tolling of the 90-day certiorari period following the last state court decision in his post-conviction proceedings. *Lawrence v. Florida*, 549 U.S. 327, 331 (2007) ("[An] application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the Petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner requesting equitable tolling must

show "reasonable diligence, not "maximum feasible diligence," *id*. at 653, and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry," *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

## 2. The Petition Is Barred by the Statute of Limitations

### A. *Date of Finality and Statutory Tolling*

Because Petitioner did not file a direct appeal, his convictions became final on June 2, 2009, when Idaho's 42-day period for filing an appeal from the April 21, 2009 judgment expired. *See* Idaho Appellate Rule 14(a). Because Petitioner's Rule 35 motion was already pending when his conviction became final, Petitioner is entitled to statutory tolling until the denial of his Rule 35 motion became final. Petitioner did not appeal the denial of his Rule 35 motion. Therefore, his Rule 35 proceedings concluded, at the latest,

on July 23, 2009—42 days after the trial court denied the motion on June 11, 2009. *Id.* The one-year statute of limitation then began to run.

The statute then ran, untolled, for 251 days before Petitioner filed his post-conviction petition on March 31, 2010. The trial court dismissed the petition on July 26, 2011. Because Petitioner did not appeal, the statute began running again on September 6, 2011—42 days after the trial court's dismissal the petition. *Id.* At that point, Petitioner had 115 days remaining in the statute of limitations period (366 days minus 251 days).

Therefore, Petitioner's federal Petition was due in this Court on or before December 30, 2011—115 days after the conclusion of Petitioner's state post-conviction proceedings.[3] Even with statutory tolling, Petitioner's June 21, 2016 Petition was filed nearly four-and-a-half years too late. Therefore, Petitioner's claims can be deemed timely only if he is also entitled to equitable tolling for the remaining time period.

B.  *Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration

---

[3] Respondent miscalculates the statute of limitations period because he relies on the date Petitioner's post-conviction petition was received by the county clerk of court and the date the Clerk of Court received his federal Petition. (Dkt. 13-1 at 6.) However, as noted above, the mailbox rule applies both in federal court and in Idaho state court. Habeas Rule 3(d); *Houston*, 487 U.S. at 270; *Munson*, 917 P.2d at 800.

**MEMORANDUM DECISION AND ORDER - 9**

omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his post-conviction claims in state court, and then waited "five more months after his [post-conviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner asserts that the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), excuses the untimely filing of his Petition. But *Martinez*—which established an equitable exception to the general rule that errors of post-conviction counsel cannot serve as cause to excuse the procedural default of a constitutional claim—applies only in the context of procedural default. It has no application to the statute of limitation. *Lambrix v. Sec. of Fla. Dep't of Corrs.*, 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in *Martinez* . . . has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.") (internal quotation marks omitted); *Avila v. Reinke*, Case No. 1:11-cv-00474-EJL, 2014 WL 4162385, at *8 (D. Idaho Aug. 20, 2014) (unpublished) (stating that *Martinez v. Ryan* "applies only to a procedural default defense, not to a statute of limitations defense").

Petitioner argues, however, that because the prison has never had a copy of the *Martinez* decision available for the inmates, the statute of limitations either (1) was equitably tolled from the date of the *Martinez* decision to the date he filed the instant

**MEMORANDUM DECISION AND ORDER - 10**

Petition or (2) did not begin to run at all because the failure to notify inmates of *Martinez* constituted a state-created impediment to filing a petition under § 2244(d)(1)(B). (Dkt. 15 at 13-15.) Petitioner asserts he did not file a timely petition because he believed that, because his claims were procedurally defaulted, he could not file a federal petition; this belief was based on the prison paralegal's advice that if "he had not appealed to the State's highest Court, then he could not file in the Federal Court." (*Id*. at 16.) Thus, contends Petitioner, had he known earlier that *Martinez* changed the law regarding post-conviction counsel's ineffectiveness as cause to excuse procedural default, he would have filed a timely federal petition. (*Id*.)

But prisons are not required to keep copies of specific court decisions or to otherwise maintain a comprehensive law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (stating that a prisoner's right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance"). The Constitution does not require that inmates "be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. That the prison did not have a copy of *Martinez* available to inmates does not constitute an extraordinary circumstance justifying equitable tolling. Moreover, the statute of limitations expired on December 30, 2011—months before *Martinez* was decided on March 20, 2012. Therefore, the prison's failure to keep a copy of that decision could not possibly have prevented Petitioner from filing a timely petition. *See Holland*, 560 U.S. at 649.

Petitioner also claims that he was prohibited from filing a pro se notice of appeal from his convictions because he was represented by counsel, and Idaho appellate courts do not accept inmate filings if the inmate is represented by counsel. However, Petitioner does not explain how the failure to file a notice of appeal in state court entitles him to equitable tolling of the federal statute of limitation. Petitioner himself—not trial or post-conviction counsel—was responsible for filing a timely federal petition.

Finally, even assuming Petitioner's allegations constituted extraordinary circumstances beyond his control, he has not demonstrated that he exercised reasonable diligence in pursuing his rights. *See id.* at 653. Therefore, Petitioner is not entitled to equitable tolling.

### C. *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

To take advantage of the miscarriage-of-justice exception to the statute of limitations, a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Stated another way, a petitioner must show that *every* reasonable juror would vote to acquit.

This is an extremely stringent standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual

innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has presented no new, reliable evidence that a miscarriage of justice would result if his claims are not heard on the merits. His conclusory and self-serving protestations of innocence are insufficient to invoke the actual innocence exception to AEDPA's statute of limitations.

## CONCLUSION

The claims in the Petition are barred by AEDPA's one-year statute of limitations. Therefore, this case must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time (Dkt. 16) is GRANTED.

2. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **May 26, 2017**

Honorable Candy W. Dale
United States Magistrate Judge